FILED

2007 Jan-31  PM 01:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISON

| | | |
|---|---|---|
| EDDIE MEALER, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No.:** |
| | ) | |
| TRANS UNION, LLC; EXPERIAN | ) | |
| INFORMATION SOLUTIONS, INC.; | ) | |
| EQUIFAX INFORMATION | ) | |
| SERVICES,LLC; and SYNDICATED | ) | |
| OFFICE SYSTEMS, INC., | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for his Complaint against the Defendants[1] states as follows:

### Jurisdiction & Venue

1.    This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"])[2] regarding inaccurate entries on Plaintiff's credit reports. Claims are also brought under the Fair Debt Collection Practices Act (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]). Therefore, subject matter jurisdiction exists under 28 U.S.C. § 1331.

2.    This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. § 1332 as there exists complete diversity and the amount in

---

[1] Any reference to Defendant or Defendants refers to both singular and plural.

[2] Any reference the Fair Credit Reporting Act or the Fair Debt Collection Practices Act or any part thereof encompasses all relevant parts and subparts thereto.

controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.      Venue is proper in this Court under 28 U.S.C. § 1391(b) as the events took place in this Judicial District and all Defendants reside in this Judicial District as all Defendants are subject to personal jurisdiction in this Judicial District.

**Parties**

4.      The Plaintiff, EDDIE G. MEALER ["Plaintiff"], is a natural person who resides within this Judicial District.

5.      Defendant TRANS UNION, LLC ["Trans Union"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

6.      Defendant EXPERIAN INFORMATION SOLUTIONS, INC. ["Experian"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.

7.      Defendant EQUIFAX INFORMATION SERVICES, LLC ["Equifax"] is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.[3]

8.      Defendant SYNDICATED OFFICE SYSTEMS, INC. ["Syndicated"] is a foreign company that furnishes consumer credit information about the Plaintiff, engages in debt collection, and does business in this Judicial District.

---

[3] Defendants Trans Union, Experian, and Equifax are sometimes referred to as the "CRA Defendants".

**Factual Allegations**

9.    Plaintiff, who is over seventy years of age, had numerous errors on his credit reports with Experian, Equifax, and Trans Union concerning accounts from Defendant Syndicated which all related to medical treatment allegedly provided to Plaintiff.

10.   Plaintiff has repeatedly disputed these accounts with Brookwood Medical Center in Birmingham, Alabama (the facility the bills allegedly arise from) and with Defendant Syndicated[4].

11.   Plaintiff has also disputed similar accounts from Defendant Syndicated on at least his Trans Union report in the Fall of 2005 as the inaccurate accounts of Defendant Syndicated were hurting Plaintiff.

12.   On or about  November 21, 2006, Plaintiff sent a dispute letter to all Defendants and he explained he did not owe anything on any visits to Brookwood Medical Center that he had.

13.   All CRA Defendants verified the accounts as follows:

  a.    December 5, 2006, Trans Union report 164870786;

  b.    December 6, 2006, Experian report 3366191284; and

  c.    December 7, 2006, Equifax report 6333002730.

14.   The CRA Defendants failed to maintain Plaintiff's accounts with maximum accuracy and all Defendants failed to properly investigate the accounts in response to the disputes made by Plaintiff.

---

[4] Based upon information and belief, Syndicated also goes by the name of Central Financial Control.  It is further asserted, based upon information and belief, that Syndicated is connected with or a part of the Tenet Health Corporation which owns Brookwood Medical Center.

15.   Had the Defendants properly investigated the disputes of the Plaintiff they would have determined that any charges for times that Plaintiff was actually treated were paid in full by Medicare and Blue Cross Blue Shield C Plus.  The Defendants would also have determined that Plaintiff was not treated on all the dates that Defendant Syndicated has asserted.

16.   Plaintiff has suffered through credit denials, loss of government programs, and paying higher interest rates than he would have if the Defendants would have promptly conducted a reasonable investigation and had maintained the accounts on the credit reports with maximum accuracy.

17.   The conduct of the Defendants has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

18.   It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

19.   As Defendant Syndicated is a "debt collector" under the FDCPA, then such Act was violated by the false reporting and attempting to collect inaccurate charges within twelve months of the filing of this suit.

20.   All actions taken by employees, agents, servants, or representatives of any type for the Defendants were taken in the line and scope of such individuals (or entities') employment, agency or representation.

4

21.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and/or FDCPA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or FDCPA and/or state law.

22.   All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies. Plaintiff notified the CRA Defendants directly of a dispute on the Defendant Syndicated accounts' completeness and/or accuracy, as reported.

23.   Plaintiff notified Defendant Syndicated directly of his dispute before the November 21, 2006, dispute letter and by copying Defendant Syndicated with each dispute letter sent to the other Defendants on November 21, 2006.

24.   The CRA Defendants followed the requirements of the Fair Credit Reporting Act and gave proper and timely notice of the disputes to Defendant Syndicated.[5]

25.   All Defendants were provided with more than sufficient information in the disputes and in their own internal sources of information to conduct a proper

---

[5] Under the authority of Rule 8(e)(2),Plaintiff sets forth this alternative allegation – the CRA Defendants did not properly give notice of the disputes to the other Defendants/Furnishers as required by FCRA. This alternative allegation is made as the true facts are only known to the Defendants, not to Plaintiff, and so he has made these two allegations regarding notice.

investigation and to conclude that the accounts complained of were being reported incorrectly.

26.   All Defendants willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff's disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

27.   Plaintiff alleges that at all relevant times that the CRA Defendants failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit reports, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

28.   Plaintiff also alleges that the Defendant Syndicated failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit information and his credit report, concerning the accounts in question, thus violating Alabama state law as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the CRA Defendants.

29.   Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation by failing and/or refusing to do a proper investigation as required by the FCRA which led to the erroneous information staying on the Plaintiff's credit reports.

30.  All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

31.  The false and incorrect statements concerning the accounts were published by the furnisher Defendant to all of the CRA Defendants.

32.  The CRA Defendants then published these false statements to third parties who reviewed and/or requested the credit reports of the Plaintiff.

33.  The furnisher Defendant Syndicated knew that the false information submitted to the CRA Defendants would be published to third parties and would harm the Plaintiff.   This occurred before, during, and after the disputes with each Defendant.

34.  The CRA Defendants knew that the false information they were providing to third parties would harm the Plaintiff and such occurred before, during, and after the disputes with each Defendant.

**FIRST CLAIM FOR RELIEF**
**Violating the Fair Credit Reporting Act and the Fair Debt Collection Practices Act**

35.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

36.  Plaintiff is a "consumer," under the FCRA and FDCPA.

37.  Equifax, Experian, and Trans Union are each a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

38.  Defendant Syndicated[6] is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

39.  Plaintiff notified Equifax, Experian, and Trans Union directly of a dispute on the Defendant Syndicated accounts' completeness and/or accuracy, as reported.

40.  The credit reporting agencies either failed to delete information found to be inaccurate or reinserted the information without following the dictates of the FCRA.

41.  Plaintiff alleges that at all relevant times the CRA Defendants failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of his credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

42.  Plaintiff alleges that all Defendants failed to conduct a proper and lawful reinvestigation.

43.  All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that their actions would very likely harm Plaintiff and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

---

[6] As noted above, Defendant Syndicated also does business as "Central Financial Control" and the accounts are listed under that name in the Experian and Trans Union reports.

44.   Defendant Syndicated has violated the FDCPA by the conduct set forth in this Complaint, including the following:

a.   Misrepresenting the amount owed;

b.   Misrepresenting the nature of the debt;

c.   Falsely reporting the debts on the Plaintiff's credit reports;

d.   Failing to properly validate and verify the debt;

e.   Falsely communicating with third parties, including the Defendant credit reporting agencies, that Plaintiff owes the debts listed on the credit reports;

f.   All other violations that will be proved at trial.

45.   All of the violations of the FCRA and FDCPA proximately caused the injuries and damages set forth in this Complaint.

**SECOND CLAIM FOR RELIEF**
**State Law Claims**

46.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

47.   Defendants published false information about Plaintiff by reporting the accounts in question with false information listed on the accounts.

48.   Plaintiff alleges that the publication was done maliciously, without privilege, and with a willful intent to injure Plaintiff.

49.   Such publication constitutes defamation under Alabama law.

50.   The Defendants invaded the privacy of Plaintiff as set forth in Alabama law. This was accomplished by putting Plaintiff in a false light by telling third parties that Plaintiff did not pay his medical bills.

51.     The Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this complaint.  This includes the initial reporting of the accounts in question; the handling of the investigations on the account; and all other aspects as set forth in this Complaint.

52.     All wrongful conduct resulting which violated state law occurred before, during, and after the dispute process with each Defendant.

53.     Such negligence, malice, wantonness, recklessness, and/or intentional conduct proximately caused the damages set forth in this complaint.

### RELIEF SOUGHT

54.     An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

55.     Plaintiff also requests all further relief to which he is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

John G. Watts ASB-5819-T82J
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, P.C.
15 Office Park Circle, Suite 206
P.O. Box 531168
Birmingham, AL  35253
(205) 879-2447
(205) 879-2882 *facsimile*
john@wattslawgroup.com

M. Stan Herring ASB-1074-N72M
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
201 Avon Place
700 29th Street South
Birmingham, AL  35233
(205) 714-4443
(205) 714-7177 *facsimile*
msh@mstanherringlaw.com

### PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.

**Attorney for Plaintiff**

**Serve defendants via certified mail at the following addresses:**

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104

Experian Information Solutions, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating Services, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Syndicated Office Systems, Inc.
c/o CT Corporation System
818 West 7th Street
Los Angeles, CA 90017

11